EMERSON J. WILLIAMS v. STATE OF FLORIDA.

2 So. (2nd) 301
Special Division B
Opinion Filed May 13, 1941

*William W. Judge,* for Appellant;

*J. Tom Watson,* Attorney General, and *Nathan Cockrell,* Assistant Attorney General, for Appellee.

CHAPMAN, J.—The appellant Emerson J. Williams was informed against for the crime of manslaughter

by the State Attorney of the Seventh Judicial Circuit in and for Volusia County, Florida. The information charged culpable negligence in the operation of an automobile which ran over and killed Edna Sullivan on the 7th day of April, 1940, in Volusia County. The defendant below upon arraignment entered a plea of not guilty, was placed upon trial and convicted and by the trial court sentenced to serve a period of five years at hard labor in the State prison. On appeal here it is contended that the evidence is insufficient to sustain the verdict.

The deceased operated a road house a short distance south of Daytona Beach and north of Port Orange and in the community known as the "Gingham Girl." Shortly after midnight on Sunday morning, April 7, 1940, the deceased left the Gingham Girl and went to Daytona Beach to get some change. On returning to her place of business around 2:30 A. M., while traveling south turned her car to the left to go in her place of business and a car going north driven by the appellant struck the car in which she was riding and the impact carried the two cars around seventy feet from the point of impact to where the cars came to rest. The deceased sustained injuries from which she later died.

The appellant admitted that he was driving the car that struck the deceased but contended that the accident was unavoidable. The record contains some inferences which tend to sustain that contention but there is nothing in the record to explain that part of the mute evidence showing that the Dodge car driven by the appellant drove the Ford car driven by the deceased a distance of approximately seventy feet from point of impact to place of rest, thereby estab-

lishing the excessive speed of the car at the time of the impact. The appellant testified that he was traveling about forty-five miles per hour at the time of the collision, but the two cars were practically destroyed and the appellant was thrown a distance of about thirty feet by the impact. The darkey is shown to have had a good reputation and no doubt is a respectable colored man, as shown by the testimony. He had been to Port Orange to arrange for a fishing trip and had knowledge of the lights displayed at the Gingham Girl and that many cars were parked and many people were there at the time.

The testimony is in conflict as to whether or not the appellant was drinking. A small bottle containing whiskey was found in the car.

It is true that if the deceased had not turned to the left the accident would never have occurred and in some details she was careless. The several inferences, disputes and conflicts appearing in the testimony, under our system, made it a question for the jury under appropriate instructions. The case is similar in many aspects to Russ v. State, 140 Fla. 217, 191 So. 296. We do not feel justified, from our study of the record and briefs and after hearing able oral argument at the bar of this Court, in disturbing the verdict and judgment entered in the lower court.

Affirmed.

BROWN, C. J., TERRELL, and BUFORD, J. J., concur.